UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTONIA FENNER,            )
                           )
        Plaintiff,         )
                           )
    vs.                    )        Case No. 4:05-CV-1101 CDP
                           )
WYETH, et al.,             )
                           )
        Defendants.        )

**MEMORANDUM AND ORDER**

This action is before me on plaintiff Antonia Fenner's renewed motion to remand.  I find remand is warranted because complete diversity did not exist at the time of filing, and defendants have failed to meet their burden of showing plaintiffs were fraudulently misjoined in order to defeat federal jurisdiction.

I.      **Procedural History**

In 2005, twenty-five plaintiffs from multiple states sued various drugmakers and retailers for injuries stemming from hormone replacement therapy (HRT) drugs the defendants allegedly produced, marketed, or sold.  Plaintiffs brought their claims, all grounded in state law, as a single action in Missouri state court. Though defendants acknowledged complete diversity was lacking on the face of the complaint, they removed to this court, arguing plaintiffs had engaged in two types of fraudulent joinder solely to defeat federal jurisdiction. Plaintiffs moved to

remand, but before this court could rule, the case was transferred to the Hon. William R. Wilson Jr. of the Eastern District of Arkansas, by order of the Judicial Panel on Multidistrict Litigation.  Plaintiffs opposed transfer, but the JPML rejected their arguments.

In compliance with a standing order of the MDL court, plaintiffs refiled their remand motion, and defendants opposed.  On March 1, 2006, after oral arguments, the MDL court denied remand.  It held that plaintiffs had been "misjoined" in violation of the Missouri state joinder statute, which permits plaintiffs to join their claims into a single action only if they (1) arise out of the same transaction or occurrence or (2) present a common question of law or fact.  Mo. Sup. Ct. R. 52.05.  *See also State ex rel. Allen v. Barker*, 581 S.W.2d 818, 826 (Mo. banc 1979) ("Our joinder rule, 52.05[,] was adopted from the federal rule governing joinder, Fed. R. Civ. P. 20.").  The MDL court found that:

> The only thing common among Plaintiffs is that they took an HRT drug – but not even the same HRT drug. Plaintiffs are residents of different states and were prescribed different HRT drugs from different doctors, for different lengths of time, in different amounts, and suffered different injuries. In light of this, Plaintiffs are not properly joined under Rule 20. "To simply group the plaintiffs by judicial district or to simply group them primarily for filing convenience, [does] not satisfy the terms required in Rule 20 nor the purpose" of Rule 20.  Additionally, I can see no reason for the joinder of the non-diverse plaintiffs other than to destroy diversity jurisdiction.

Order in MDL 1507, 4:05-CV-1886 [Doc. #89] (E.D. Ark. March 1, 2006), p. 2 (footnotes omitted) [hereinafter "2006 Order"].

- 2 -

In the same order, the court dismissed several defendants[1] "because no plaintiff has alleged a specific cause of action against them."  In addition, the court dropped seven non-diverse plaintiffs from the case, giving them 30 days to file new civil actions.  In a footnote, the court wrote:

> Although I believe that most, if not all, of the other plaintiffs in this case are misjoined, I am only concerned with those plaintiffs who destroy diversity jurisdiction. Whether the diverse plaintiffs are properly joined is an issue for the Missouri transferor court to address after this case is remanded by the Judicial Panel on Multidistrict Litigation.

Finally, the MDL court ordered the remaining plaintiffs to amend their complaint to include "allegations specifying which drugs each plaintiff took and, specifically, which of the defendants she is alleging a cause of action against."  The remaining plaintiffs did not appeal the ruling, but rather, amended their complaint to adhere to the order.

Nearly four years after the 2006 Order, the Eighth Circuit decided *In re Prempro Products Liability Litigation*, 591 F.3d 613 (8th Cir. 2010) (known as *Kirkland*).  In *Kirkland*, the Eighth Circuit considered three multi-plaintiff, multi-defendant lawsuits that were each a part of the same HRT drug MDL as the instant case.  The three lawsuits shared a procedural posture: they were filed in Minnesota state court, removed on grounds that non-diverse plaintiffs were fraudulently

---

[1]  One of those defendants was Medicine Shoppe International, whose joinder defendants had considered fraudulent and which they had argued provided a separate basis for removal. *See infra* note 7.

misjoined, and transferred by the JPML to the MDL court.  After it denied remand,[2] the *Kirkland* plaintiffs appealed to the Eighth Circuit.

In *Kirkland*, the Eighth Circuit declined to decide whether it would recognize "fraudulent misjoinder" of plaintiffs as an exception to the complete-diversity requirement, but held that – even if it did – the defendants had not proved it in that case.  The defendants had not presented any evidence the plaintiffs had joined their claims to avoid diversity jurisdiction and "had not met their burden of establishing that plaintiffs' claims are egregiously misjoined."  *Id.* at 623.  The court suggested the litigation was "likely to contain common questions of law and fact," including the causal link between HRT drugs and breast cancer.  It cautioned, though, that it made "no judgment on whether the plaintiffs' claims are *properly* joined" and suggested defendants address that issue to the state court.  *Id.* (emphasis in original).  Ultimately, the *Kirkland* court reversed the MDL court's orders and remanded the cases to state court.  *Id.* at 624.

In light of the *Kirkland* decision, plaintiff Fenner[3] moved for expedited reconsideration of the 2006 Order.  Four days after Fenner filed her motion, the

---

[2] The MDL court denied in part the motions to remand, concluding that all the claims, except those of Minnesota plaintiffs, had been misjoined to defeat diversity jurisdiction.  *See* Order in MDL 1507 [Doc. #29], 2008 WL 5412901, 4:08-CV-4196 (E.D. Ark. Dec. 29, 2008); Order in MDL 1507  [Doc. #31], 2009 WL 331313, 4:09-CV-104 (E.D. Ark. Feb. 10, 2009).

[3] Citing Rule 21, the MDL court had dropped all remaining plaintiffs besides Fenner in an order dated March 4, 2010.  *See* Fed. R. Civ. P. 21 (misjoinder).  In that order, he wrote that "[a]fter reviewing this case, I believe that the Complaint violates my numerous orders on multi-plaintiff complaints."  The complaint was amended March 1, 2011 in compliance with the order.

MDL court denied reconsideration.[4]  It acknowledged that the "legal issues

regarding remand in both this case and *Kirkland* are similar."  But it held that

*Kirkland* did not apply because plaintiffs had "already resolved the jurisdictional

issues by amending their complaint."  The court pointed out that, unlike the

*Kirkland* plaintiffs, the Fenner plaintiffs had not attempted to appeal the order

denying remand:

> Plaintiffs could have sought certification of an interlocutory appeal,
> under 28 U.S.C. § 1292(b).  Rather than choosing to appeal as they did
> in *Kirkland*, Plaintiffs here amended their complaint and removed all
> non-diverse Plaintiffs.  The Eighth Circuit has held that "if remand is
> denied and there is no interlocutory appeal, a judgment may be upheld
> if federal jurisdiction exists at the time of judgment."
>
> Based on the Amended Complaint, complete diversity exists; so,
> Plaintiffs' assertion that this Court lacks jurisdiction is without merit.

Order in MDL 1507 [Doc. #143], 4:05-CV-1886 BRW (E.D. Ark. March 30, 2010)

[hereinafter "2010 Order"].

In May 2012, this case was transferred back to this court by the JPML.

## II.  **Renewed Motion to Remand**

After transfer to this court, plaintiff Fenner filed a renewed motion to

remand to state court.  She argues that the *Kirkland* ruling makes clear that the

federal courts never had jurisdiction over this case, which she considers "factually

---

[4]  In her motion "Plaintiff's Request for Expedited Motion to Reconsider," Fenner
alternatively requests that "the Court certify these Orders for an interlocutory appeal pursuant to
Rule 54(b)."  The MDL court's order denying reconsideration, which I will refer to as the "2010
Order," does not address Fenner's request for alternative relief.

identical" to the *Kirkland* cases.  (Pl.'s Renewed Mtn. to Remand, p. 7.)  If that is true, she contends, all of the federal courts' rulings are "nullities."  (*Id.*, p. 4.) Fenner concedes that there is no jurisdictional defect now, but argues that diversity "at the time of filing" should be this court's sole consideration.

Defendants oppose plaintiff's motion, arguing first *Kirkland*'s holding was limited to the record in that case and does not prevent the MDL court from denying remand in this case on fraudulent misjoinder grounds.  They also argue that, regardless of their substance, the MDL court's rulings are the "law of the case" and must be followed.  Insofar as I must reconsider whether federal jurisdiction exists, defendants contend I should look to the current operative complaint, which poses no bar to diversity jurisdiction, rather than applying the "time-of-filing rule." Defendants argue that this case falls under two exceptions to that rule: (1) plaintiffs who fraudulently join parties to defeat diversity jurisdiction are not entitled to rely upon the time-of-filing rule and (2) the time-of-filing rule does not apply when the jurisdictional defect has since been cured.

I find that the law-of-the-case doctrine does not apply to the MDL court's rulings, and I must reconsider whether the federal courts ever had subject matter jurisdiction.  I also find that the exceptions to the time-of-filing rule do not apply. Complete diversity was lacking at the time of removal, so remand to state court is warranted.

### III.    The Law-of-the-Case Doctrine Does Not Apply to Interlocutory Orders

The law-of-the-case doctrine is "a means to prevent the relitigation of a settled issue in a case." *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008).  It "requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *Id.*  But the doctrine encompasses only final rulings and "does not apply to interlocutory orders." *Id.* (citing *First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 620 (8th Cir. 2007)).

The 2006 and 2010 Orders are interlocutory, so the law-of-the-case doctrine does not apply.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (alone, order denying remand motion "is obviously not final") (ellipses omitted).  Interlocutory orders "can always be reconsidered and modified by a district court prior to entry of a final judgment." *Pictet*, 477 F.3d at 620.  *See also Bullock v. Baptist Mem. Hosp.*, 817 F.2d 58, 59 (8th Cir. 1987) (order dismissing complaint against some but not all defendants not final order); *Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992) (same for denial of motion to dismiss, which is not subject to law-of-the-case doctrine); *United States v. Hively*, 437 F.3d 752, 766 (8th Cir. 2006) (severance order was interlocutory and did not become law of the case);

*Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 977 (8th Cir. 2011) (state court order dismissing non-diverse defendant was interlocutory).

Though the law-of-the-case doctrine does not apply directly, I recognize that considerations of comity and judicial economy weigh against disturbing the MDL court's rulings.  *See, e.g.*, *Winter v. Novartis Pharm. Corp.*, No. 4:06-CV-4049 ERW, 2011 WL 5008008, at *2 (E.D. Mo. Oct. 20, 2011) (citing Manual for Complex Litigation, § 20.133 (4th ed. 2004)).  Nonetheless, I cannot abdicate my continuous responsibility to ensure subject matter jurisdiction exists.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (there is an "age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists").

**IV.   Time-of-Filing Rule Must Be Applied**

A party who has removed a case bears the burden of establishing federal subject matter jurisdiction.  *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).  Any doubts about federal jurisdiction must be resolved in favor of remand.  *Id.*  Under 28 U.S.C. 1447(c), when a case is removed improperly due to a lack of subject matter jurisdiction,  remand may occur at any stage of the proceedings.  *Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1988).  No matter when a challenge to subject matter jurisdiction occurs, "whether the challenge be brought shortly after filing, after the trial, or even for the

first time on appeal," the court must examine whether the jurisdictional

requirements were met at the time of filing. *Grupo Dataflux v. Atlas Global*

*Group, L.P.*, 541 U.S. 567, 571 (2004); *OnePoint Solutions, LLC v. Borchert*, 486

F.3d 342, 346 (8th Cir. 2007).

Under 28 U.S.C. § 1332(a), complete diversity "exists where no defendant

holds citizenship in the same state where any plaintiff holds citizenship."

*Kirkland*, 591 F.3d at 620.  The original complaint names both plaintiffs and

defendants from at least ten[5] different states, so there was no complete diversity,

and hence, no federal jurisdiction at the time of filing. *See Iowa Pub. Serv. Co. v.*

*Medicine Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977) (only citizenship of

plaintiff who is not real party in interest may be ignored for purpose of determining

diversity jurisdiction); *Ballard v. Wyeth*, 4:04-CV-1111 CDP, 2004 WL 5436353

(E.D. Mo. Nov. 8, 2004), at *4–*6 (under *Medicine Bow*, plaintiffs who allege they

---

[5] Those states are New Jersey, Arkansas, California, Georgia, Illinois, New York, Pennsylvania, Alabama, Tennessee, Florida, and possibly Missouri. The citizenship of defendant Medicine Shoppe International remains obscure.  The parties agree it was incorporated in Delaware, and in their original complaint, plaintiffs listed its principal place of business as Dublin, Ohio. (Pl.'s Comp., ¶ 39.) They later attached as an exhibit Medicine Shoppe's 2003 declaration to the Missouri Secretary of State attesting the same. (Pl.'s Mem. in Support of Mtn. to Remand, p. 4 & Ex. 5.)   The MDL court also treated it as an Ohio citizen.  (2006 Order, p. 1 ("notably, none of the non-diverse defendants are from Missouri")).  But defendants based their fraudulent joinder argument on their assertion that Medicine Shoppe was a Missouri citizen (Defs.' Opp. to Pl.'s Mtn. to Remand, p. 6 n.7) and plaintiff Fenner calls Medicine Shoppe a Missouri citizen in the renewed motion to remand currently before me. (Pl.'s Renewed Mtn. to Remand, p. 6.)  In any event, I need not resolve its citizenship now.

were injured by HRT drugs manufactured or sold by defendants were real parties
in interest).

Essentially, defendants argue that Fenner has somehow waived application
of the time-of-filing rule by (1) fraudulently misjoining parties and (2) complying
with the MDL court's orders dropping non-diverse plaintiffs and defendants.
Neither argument has merit.

A.     *Fraudulent Misjoinder Exception Does Not Apply*

First, the Eighth Circuit rejected defendants' fraudulent misjoinder argument
on its merits in *Kirkland*, so I cannot resurrect it for jurisdictional purposes.  It
would strain common sense to distinguish the 2006 Order at issue from the orders
the Eighth Circuit examined in *Kirkland*.  The underlying claims of the plaintiffs in
both cases were part of the same MDL.  Their procedural postures, and the
arguments advanced by the parties in support of and opposition to remand, were
practically identical.  The original complaint in each case was equally vague as to
which plaintiffs were proceeding against which defendants.[6]  The MDL court

_____

[6] *Compare Fenner v. Wyeth*, Compl. (June 20, 2005) *with Kirkland v. Wyeth*, Compl.
(July 28, 2008) and *Allen v. Wyeth*, Compl. (July 28, 2008) (both examined in *In re Prempro
Prod. Liab. Litig.*, 591 F.3d 613 (8th Cir. 2010) (known as *Kirkland*)).  A typical allegation in
the original *Fenner* complaint gives a year-to-year date range during which a plaintiff took HRT
drugs that the plaintiff alleges were "manufactured, marketed and sold by one or more of the
Drug Defendants and/or Pharmacy Defendants," then an allegation that the plaintiff was
diagnosed with cancer on a particular date, and that she underwent a particular kind of treatment,
such as a mastectomy.  The *Kirkland* complaints contained similar allegations.  Unlike the
*Fenner* complaint, the *Kirkland* complaints identified the drugs each plaintiff took, for most –
but not all – plaintiffs.  But the *Kirkland* complaints also alleged that multiple defendants had
manufactured some of those drugs, so it did not necessarily clarify the identity of the

denied remand in both cases using verbatim language.  While *Kirkland* intentionally left open the possibility that, in some future circumstance, a defendant may be able to prove fraudulent misjoinder, this is not it.  Defendants have presented no more evidence of misjoinder that the *Kirkland* defendants.   Given *Kirkland*'s clear guidance that this circumstance does not rise to the level of fraudulent misjoinder, there is likewise no basis for creating a fraudulent-misjoinder exception to the time-of-filing rule.

Defendants cite *Hollenback v. Taser Int'l, Inc.*, 2011 WL 5102402, at *2 (E.D. Mo. Oct. 27, 2011) (citing *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010)) as support for their contention that fraudulent joinder is a "well-recognized exception" to the time-of-filing rule.  Though this may be true, these cases involved fraudulent joinder of a defendant, an exception the Eighth Circuit has explicitly recognized.  *Junk*, 628 F.3d at 445.  They do not speak to fraudulent misjoinder of plaintiffs, the exception that the Eighth Circuit considered in *Kirkland* and that remains at issue here.  The United States Supreme Court has signaled that courts ought to avoid endorsing new exceptions to the time-of-filing rule, *Grupo Dataflux*, 541 U.S. at 581–82, and I decline to do so here.

---

defendant(s) as to each claim. Further, the *Fenner* plaintiffs had amended their complaint to identify the drugs each plaintiff took by the time the court ruled on the remand motion.  (Am. Compl., Jan. 30, 2006).  *See Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, Inc.*, 620 F.3d 926, 931 (8th Cir. 2010) (events after filing and removal cannot retroactively create federal jurisdiction, but they may "be relevant to prove the existence or nonexistence of diversity jurisdiction at the time of filing").

The *Kirkland* court suggested that one common question among those plaintiffs may be the causal link between HRT drugs and breast cancer, a question also common among the Fenner plaintiffs.  But the court reserved judgment on whether plaintiffs were "*properly* joined."  *Id*.  Likewise, I  see no reason the Missouri state court will be unable to resolve this issue.  In fact, Judge Wilson commented that he was "puzzled" that defendants had not raised the misjoinder question in that forum in the first place.  (2006 Order, p. 4.)

B.   <u>*Cured-Jurisdictional-Defect Exception Does Not Apply*</u>

When a jurisdictional defect has been cured through dismissal of a non-diverse party by the time of final judgment, the court need not apply the time-of-filing rule.  *See Lewis*, 519 U.S. at 64; *Council Tower Ass'n v. Axis Specialty Ins. Co.*, 630 F.3d 725, 730 (8th Cir. 2011).

Even if it were clear that this exception applies when there has been no final judgment,[7] it could not operate to bar remand here.  The jurisdictional defect in this case – the lack of complete diversity – was "cured" only by court orders dropping the non-diverse parties against the will of the plaintiffs.  The Eighth Circuit has recognized a "voluntary-involuntary" distinction when determining whether

---

[7] *E.g., Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 785 (5th Cir. 2000) (remanding case improperly removed and holding that, in order for jurisdictional defect to be "cured" under *Caterpillar*, "the plaintiff must voluntarily amend its complaint, and *there must be a final judgment on the merits*") (emphasis added).  *See also Caterpillar*, 519 U.S. at 77 ("The procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed.").

diversity jurisdiction exists.  *See, e.g.*, *In re Iowa Mfg. Co. of Cedar Rapids, Iowa*,

747 F.2d 462, 463–64 (8th Cir. 1984) (recognizing exception and recounting its

long history); *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 975 (8th Cir.

2011).  The distinction constitutes "a bright line test for evaluating removability,"

and holds that an "involuntary dismissal cannot change a previously unremovable

case into a removable case."  *In re Iowa Mfg.*, 747 F.2d at 463.

In *Iowa Manufacturing*, the court held that a state court order dismissing a

non-diverse defendant, thereby creating complete diversity, did not render the case

removable because the dismissal had been involuntary on the part of the plaintiff.

*Cite.*  Applying *Iowa Manufacturing,* this court has held:

> What is pivotal in such an inquiry is whether or not a voluntary act of the
> plaintiff resulted in the dismissal of the non-diverse defendant. When
> diversity is created by court order, not by voluntary dismissal of the
> non-diverse defendant by the plaintiff, removal is improper.

*Power v. Norfolk & W. Ry. Co.*, 778 F. Supp. 468, 470 (E.D. Mo. 1991).  Like *Iowa*

*Manufacturing* and *Power*, the jurisdictional defect here – namely, lack of

complete diversity – was cured by the MDL court's orders dismissing non-diverse

parties, not a voluntary act by Fenner or other plaintiffs.  Though *Iowa*

*Manufacturing* concerned a state court order, the problems with court-created

diversity apply even more forcefully at the federal level.  Unlike a state court order,

a post-removal federal court order cannot create jurisdiction "at the time of

removal," as required by the time-of-filing rule.  *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 834 (8th Cir. 2005).

Contrary to defendants' assertions, the length of time a case has been litigated in federal court is not an exception to the time-of-filing rule and cannot, standing alone, confer subject matter jurisdiction where none existed at the time of filing.  *See Grupo Dataflux*, 541 U.S. at 571, 575 ("Apart from breaking with our longstanding precedent, holding that 'finality, efficiency, and judicial economy' can justify suspension of the time-of-filing rule would create an exception of indeterminate scope," and Supreme Court has "adhered to the time-of-filing rule regardless of the costs it imposes");  *Hart v. Terminex Int'l*, 336 F.3d 541, 541 (7th Cir. 2003) (though it was "regrettable" case had spent eight years in federal court, there was no federal jurisdiction and case had to be remanded); *Johnson v. Wyeth*, 4:06-CV-286 ERW, 2012 WL 1829868, at *3 (E.D. Mo. May 18, 2012) (remanding case to state court after it spent six years as part of MDL because there had been no federal jurisdiction at the time of removal).  "The fact that a case becomes part of a multidistrict proceeding does not . . . broaden this court's jurisdiction to hear cases over which it lacks in the first instance subject-matter jurisdiction."  *In re Heparin Prod. Liab. Litig.*, 1:09-CV-6014, 2012 WL 3758439, at *1 (N.D. Ohio June 25, 2012).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's renewed motion to remand

[#143] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit

Court of the City of St. Louis, State of Missouri, from which it was removed.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2012.